**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CRYSTAL POOLE,**

    **Plaintiff,**

v.                                                             **Case No.: 8:07-CV-912-EAJ**

**DAVID GEE, Sheriff of Hillsborough**
**County, Florida, in his official capacity; and**
**DONALD KERSH, in his individual capacity**
**as a deputy employed by the Hillsborough**
**County Sheriff's Office,**

    **Defendants.**

**<u>ORDER</u>**

Before the court are **Plaintiff's Motion to Disallow Defendants From Using Proposed Expert Witness to Supply Evidence on Motion for Summary Judgment and at Trial** (Dkt. 22) and **Defendant Deputy Donald Kersh's Response to Plaintiff's Motion to Disallow Defendants From Using Proposed Expert Witness to Supply Evidence on Motion for Summary Judgment and at Trial** (Dkt. 23).

<u>Background</u>

On May 29, 2007, Plaintiff filed a complaint alleging that Defendants violated her civil rights as a result of excessive force following her arrest. (Dkt. 2)  Pursuant to the case management and scheduling order, the disclosure of Defendants' expert witnesses was due on April 14, 2008. (Dkt. 10) The discovery cut-off was April 25, 2008, and trial is scheduled to commence on September 8, 2008.  (<u>Id.</u>)

In a letter to Plaintiff's counsel, dated April 11, 2008, Defendants identified a proposed

expert witness, Lt. Kyle J. Cockream. (Dkts. 16-19)  Defendants did not provide Plaintiff with a written expert report by April 14, 2008.  On May 9, 2008, Defendant Deputy Donald Kersh ("Kersh") filed a motion for summary judgment and attached a written expert witness report to the motion. (Dkt. 16-21)

On May 22, 2008, Plaintiff filed a motion to disallow Defendants from using their proposed expert witness to supply evidence in support of Defendant Kersh's Motion for Summary Judgment and at trial. (Dkt. 22 at 3)  Plaintiff argues that Defendants violated Fed. R. Civ. P. 26(a)(2)(B), concerning the disclosure requirements associated with expert witnesses. Plaintiff alleges that she is prejudiced because Defendants' failure to timely disclose the expert witness report lead Plaintiff to believe that Defendants were no longer relying on an expert witness.  In addition, Plaintiff asserts that, because Defendants disclosed the expert witness report after the close of discovery, she did not have an opportunity to dispose the expert witness.  Pursuant to Fed. R. Civ. P. 37, Plaintiff seeks an order preventing Defendants from relying on the expert witness report in support of the dispositive motion.  Plaintiff also moves for an order preventing Defendants from calling the expert witness at trial.

In response, Kersh contends that when Defendants disclosed the name of the expert witness on April 11, 2008, a written report "had not yet been authored."[1] (Dkt. 23 at 2)  Kersh alleges that on or about May 9, 2008, Defendants' expert witness finalized his report. (Id.)  Kersh argues that Plaintiff failed to conduct any discovery relating to Defendants' expert witness after the disclosure

---

[1] Defendant David Gee ("Gee") has failed to respond to Plaintiff's motion and the deadline for responding has passed.  Therefore, Gee is deemed to have no objection to the relief sought. Local Rule 3.01(b), M.D. Fla.  Although the expert was apparently designated by both Defendant Gee and Defendant Kersh,  only Kersh has filed a response to the motion.

of the expert witness' name on April 11, 2008. Morever, Kersh asserts that Plaintiff is not prejudiced by the untimely disclosure of the expert witness report because Plaintiff has had the benefit of the report since May 9, 2008 and there is sufficient time to depose Defendants' expert witness before the September trial date. (Id. at 3)

Discussion

Rule 26(a)(2) provides that disclosure of the identity of an expert witness and the expert's written report "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(A)-( C). The expert disclosure must be accompanied by "a written report prepared and signed by the witness . . . contain[ing] a complete statement of all opinions the witness will express and the basis and reasons for them" Fed. R. Civ. P. 26(a)(2)(B).

Fed. R. Civ. P. 37 sets forth the sanctions that may be imposed if a party does not comply with Rule 26(a)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification is "justification to a degree that could easily satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Chapple v. Alabama, 174 F.R.D. 689, 701 (M.D. Ala. 1997), quoting Nguyen v. IPB, Inc., 162 F.R.D. 675, 680 (D.Kan. 1995). Failure to disclose is "harmless" where there is no substantial prejudice to the party entitled to receive the disclosure. Chapple, 174 F.R.D. at 689. The non-disclosing party bears the burden of establishing that the failure to disclose was substantially justified or harmless. Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004).

Here, Kersh fails to offer any justification for the untimely disclosure of the expert witness

report. Instead, Kersh merely states that Defendants provided Plaintiff the name of the expert witness on April 11, 2008. Notice of an expert witness' name is not enough to comply with Rule 26 disclosure requirements. Prieto, 361 F.3d at 1318. Although Kersh argues that no expert report existed on April 11, 2008, he offers no explanation why the expert witness did not or could not have completed his report by April 14, 2008, the time period set by the court's case management and scheduling order. Furthermore, Defendants never requested an extension of time to submit their expert report.

Having determined that no substantial justification exists, the court must consider whether the failure to disclose is harmless. Kersh contends that Plaintiff has not been prejudiced because Plaintiff was aware of the identity of Defendants' expert and Plaintiff could have deposed the expert prior to the discovery cut-off date. Kersh also asserts that Plaintiff is not harmed because there is sufficient time to depose Defendants' expert before trial.

Defendants late disclosure cannot be considered harmless. Discovery closed on April 25, 2008. Defendants attached the expert witness report to the dispositive motion filed with the court on May 9, 2008, two weeks after discovery closed. Defendants' untimely disclosure deprived Plaintiff of the opportunity to depose the defense expert, challenge his credentials, retain an expert of Plaintiff's choosing, or conduct expert-related discovery. Furthermore, Plaintiff would be prejudiced if the court were to allow Defendants to offer expert testimony at this date even assuming that discovery could be extended to permit Plaintiff to depose the expert. See e.g. Allstate Ins. Co. v. Jackson, No. 06-0554-GC-C, 2007 U.S. Dist. LEXIS 81952, at * 12 (S.D. Ala. Nov. 5, 2007)(having to dispose a party on information that should have been disclosed in a Rule26 report is a form of prejudice). Reopening discovery would also result in a delay of this litigation and

increase expenses to all parties.

Kersh's reliance on Prieto is misplaced.  In Prieto, the district court allowed defendant to call a "use of force" expert in defending an excessive force claim against a police officer because the plaintiff waived any objections to the use of the report.  Prieto, 361 F.2d at 1317-1318.  The Eleventh Circuit affirmed the decision to allow the expert witness testimony based upon the waiver argument.  Id.  In the instance case, there has been no waiver.

Under the circumstances presented in this case, recognizing that each case must be decided on its own facts, the court finds that Kersh has failed to demonstrate that Defendants' untimely disclosure of the expert witness report was substantially justified or harmless.  Thus, Defendant Kersch may not rely upon the expert witness report or expert testimony in any motion or at trial.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)   **Plaintiff's Motion to Disallow Defendants From Using Proposed Expert Witness to Supply Evidence on Motion for Summary Judgment and at Trial** (Dkt. 22) is **GRANTED**.

**DONE AND ORDERED** in Tampa, Florida on this 10th day of June, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge